```
 1  SEYFARTH SHAW LLP
    Michael J. Burns (SBN 172614)
 2  mburns@seyfarth.com
    Jonathan Martin (SBN 188744)
 3  jmartin@seyfarth.com
    560 Mission Street, Suite 3100
 4  San Francisco, California 94105
    Telephone: (415) 397-2823
 5  Facsimile: (415) 397-8549

 6  Attorneys for Defendant
    BURLINGTON DISTRIBUTION CORP.
 7
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MARICRUZ CERVANTES, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BURLINGTON DISTRIBUTION CORP., a corporation; and DOES 1 through 50, Inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**DEFENDANT BURLINGTON DISTRIBUTION CORP.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION**<br><br>[*Concurrently filed with Civil Case Cover Sheet; Declaration of Michael Burns in support thereof; Declaration of Christopher Schaub in support thereof; Declaration of Ann Teague in support thereof; Defendant's Corporate Disclosures; Defendant's Notice of Interested Entities*]<br><br>Superior Court of the State of California, County of San Bernardino, Case No. CIV SB 2308495<br><br>Complaint Filed:　　April 6, 2023 |

95942437v.1

# TABLE OF CONTENTS

Page

**I.** PLEADINGS, PROCESS AND ORDER ...................................................................1

**II.** TIMELINESS OF REMOVAL ................................................................................2

**III.** JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ...........................3

    A. Plaintiff is a Citizen of California ...............................................................3

    B. Defendant Is Not a Citizen of California ....................................................4

**IV.** AMOUNT IN CONTROVERSY ............................................................................5

    A. Economic Damages .....................................................................................6

    B. Emotional and Mental Health Damages .....................................................7

    C. Punitive Damages ........................................................................................8

    D. Labor Code §1102.5(f) ................................................................................8

    E. Attorneys' Fees and Costs ...........................................................................8

    F. Pre- and Post-Judgment Interest and Costs .................................................9

**V.** VENUE ...................................................................................................................11

**VI.** NOTICE OF REMOVAL ......................................................................................11

**VII.** PRAYER FOR REMOVAL ..................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aboulafia v. GACN Inc.*,
   2013 WL 8115991 (Los Angeles Sup. Ct.) ....................................................... 7, 9

*Beard v. Los Angeles Cnty. Law Library*,
   2009 WL 250543 (Los Angeles Sup. Ct.) ............................................................ 10

*Bisharat v. Los Angeles Unified Sch. Dist.*,
   2013 WL 1415554 (Los Angeles Sup. Ct.) ........................................................... 9

*Chamness v. Stonebridge Life Ins. Co.*,
   Case No. CV09-0780 AHM, 2009 WL 734137 (C.D. Cal. Mar. 18, 2008) ........ 3

*Chavez v. JP Morgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) ................................................................................. 6

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
   428 F.3d 206 (5th Cir. 2005) ................................................................................. 2

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
   994 F. Supp. 1196 (N.D. Cal. 1998) ..................................................................... 6

*Crawford v. DIRECTV, Inc.*,
   2010 WL 5383296 (Los Angeles County Sup. Ct.) ............................................. 9

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
   325 F.2d 785 (9th Cir. 1963) ............................................................................. 6, 8

*Davis v. HSBC Bank Nevada, N.A.*,
   557 F.3d 1026 (9th Cir. 2009) ............................................................................... 4

*Davis v. Robert Bosch Tool Corp.*,
   2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ................................... 9

*Denenberg v. Cal. Dep't of Transp.*,
   2006 WL 5305734 (San Diego County Sup. Ct.) ................................................. 9

*Dodd v. Haight Brown & Bonesteel LLP*,
   2010 WL 4845803 (Los Angeles Sup. Ct.) ......................................................... 10

*Galt G/S v. JSS Scandinavia*,
    142 F. 3d 1150 (9th Cir. 1998) .................................................................................6, 8

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ..............................................................................................5

*Jolly v. City of Long Beach*,
    2013 WL 3340512 (Los Angeles Sup. Ct.) .......................................................10

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ..............................................................................................3

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ............................................................................................3

*Kenny v. Wal-Mart Stores, Inc.*,
    881 F.3d 786 (9th Cir., Feb. 1, 2018) ................................................................2

*Leimandt v. Mega RV Corp.*,
    2011 WL 2912831 (Orange County Sup. Ct.) .....................................................8

*Malone v. Potter*,
    2009 WL 999514 (C.D. Cal.) ................................................................................10

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) ...............................................................................................2

*O'Connor v. UHS-Corona Inc.*,
    2011 WL 3606915 (Riverside Sup. Ct.) ............................................................10

*Peacock v. Quest Diagnostics*,
    2010 WL 6806990 (C.D. Cal.) .......................................................................8, 10

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009) ..........................................................................................8

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) ............................................................................2

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ..............................................................................5

*Signlin v. Carden Whittier Sch. Inc.*,
    2012 WL 1798892 (Los Angeles Sup. Ct.) .......................................................10

Case 5:23-cv-01163-JGB-PD   Document 1   Filed 06/16/23   Page 5 of 18   Page ID #:5

*Silverman v. Stuart F. Cooper Inc.*,
   2013 WL 5820140 (Los Angeles Sup. Ct.) ....................................................... 7, 9

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ......................................................................................3

*Sun v. Transit Air Cargo, Inc.*,
   2012 WL 933613 (Orange County Sup. Ct.) ........................................................10

*The Hertz Corp. v. Friend*,
   130 S. Ct. 1181 (2010) ........................................................................................... 4, 5

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ...................................................................................5

*Vanderheiden v. City of Alameda*,
   2011 WL 1562075 (Alameda County Sup. Ct.) ....................................................10

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
   2013 WL 7852947 (Los Angeles Sup. Ct.) ....................................................... 7, 9

*Ward v. Cadbury Schweppes Bottling Grp.*,
   2011 WL 7447633 (C.D. Cal) .............................................................................7, 10

*Welch v. Ivy Hill Corp.*,
   2011 WL 3293268 (Los Angeles Sup. Ct.) ..............................................................8

*Ybarra v. Dacor Holding Inc.*,
   2010 WL 2404221 (L.A. County Sup. Ct.) ............................................................10

**Statutes**

28 U.S.C. 1332(c)(1) ...........................................................................................................4

28 U.S.C. section 84(c)(2) ...............................................................................................11

28 U.S.C. section 1332(a) .................................................................................... 1, 3, 6, 11

28 U.S.C. section 1441(a) ........................................................................................1, 3, 11

28 U.S.C. section 1446 ..................................................................................................1, 2

28 U.S.C. section 1446(a) ...............................................................................................11

28 U.S.C. § 1446(b) ............................................................................................................3

28 U.S.C. section 1446(d) ................................................................................................ 11

Cal. Civ. Proc. Code § 415.10 ......................................................................................... 3

California Family Rights Act (Govt. Code §12945.2) ................................................... 1

Govt. Code §12940(a) ..................................................................................................... 1

Govt. Code §12940(h) ..................................................................................................... 1

Govt. Code §12940(k) ..................................................................................................... 1

Govt. Code §12940(m) .................................................................................................... 1

Govt. Code §12940(n) ..................................................................................................... 1

Labor Code §1102.5 .................................................................................................... 1, 8

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Burlington Distribution Corp. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division, asserting original jurisdiction under 28 U.S.C. section 1332(a) (Diversity Jurisdiction), and removal jurisdiction under 28 U.S.C. sections 1441(a), and 1446. Defendant states that the removal is proper for the following reasons:

## I. PLEADINGS, PROCESS AND ORDER

1. On **April 6, 2023**, Maricruz Cervantes ("Plaintiff" or "Cervantes") filed an unverified Complaint in the Superior Court of California, County of San Bernardino, entitled: MARICRUZ CERVANTES, an individual v. BURLINGTON DISTRIBUTION CORP., a corporation; and DOES 1 through 50, Inclusive, Case No. CIV SB 2308495 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Michael J. Burns.

2. The Complaint alleges seven (7) Causes of Action including: (1) Disability Discrimination in violation of Govt. Code §12940(a); (2) Failure to Accommodate in violation of Govt. Code §12940(m); (3) Failure to Engage in Interactive Process in violation of Govt. Code §12940(n); (4) Retaliation in violation of Govt. Code §12940(h); (5) Retaliation (Labor Code §1102.5); (6) Retaliation in Violation of California Family Rights Act (Govt. Code §12945.2); (7) Failure to prevent Discrimination and Retaliation in violation of Govt. Code §12940(k).

3. On **May 18, 2023**, Plaintiff served Burlington with the Complaint. Attached to the concurrently filed Declaration of Michael J. Burns as **Exhibit B** are true and correct copies of the (1) Summons; (2) Proof of Service of Summons; (3) the Civil Case Cover Sheet and Addendum; and (4) Notice of Case Assignment.

4. On **June 15, 2023**, Defendant answered Plaintiff's unverified Complaint in the Superior Court of California, County of San Bernardino. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as **Exhibit C** to the Declaration of Michael J. Burns.

5. **Exhibits A-C** constitute all pleadings, process and orders served on, or filed by, Defendant in this action. (*See* Declaration of Michael J. Burns ("Burns Decl."), at ¶ 3.)

## II.   TIMELINESS OF REMOVAL

6. The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("[w]e have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability"); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)). Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, 720 F.3d at 1125.

7. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal

motion within thirty days of service, the term 'service of process' is defined by state law.").

8. Furthermore, each defendant has thirty (30) days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2)(B). Where defendants are served at different times, the later-served defendant may remove, even if the earlier-served defendant did not remove. 28 U.S.C. § 1446(b)(2)(C).

9. This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on May 18, 2023. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

## III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

10. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff is a Citizen of California

11. "To establish citizenship for diversity purposes, a [natural] person must be both (1) a citizen of the United States, and (2) be domiciled in [one] state." *Chamness v. Stonebridge Life Ins. Co.*, Case No. CV09-0780 AHM (JCx), 2009 WL 734137, at *1 (C.D. Cal. Mar. 18, 2008) (denying plaintiff's motion for remand because defendant's removal notice established complete diversity).

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520

(10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

13. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. The Complaint alleges that, "Plaintiff … is an individual residing in the County of San Bernardino, State of California." (*See* Burns Decl., ¶ 3, Ex. A, Compl., ¶ 3.) Further, Plaintiff listed a California address and maintained a California address on file for purposes of her personnel file, payroll checks, state payroll, and tax withholdings during the period of her employment with Defendant. (*See* Declaration of Ann Teague ("Teague Decl.") at ¶ 3.) Defendant is informed and believes, and on that basis alleges, that Plaintiff's last known address is in Redlands, California. (*Id.*) Additionally, in preparing this Notice of Removal, Defendant reviewed public records for Plaintiff, which verify that Plaintiff currently resides in California and has continuously resided in California since at least 2015. (*See* Burns Decl., ¶ 4, **Exhibit D**.)

14. Accordingly, Plaintiff was at all relevant times, and still is, a citizen of the State of California.

### B. Defendant Is Not a Citizen of California

15. Defendant Burlington is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

16. The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts

of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** . . . *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

17. In this case, Burlington is now, and ever since its incorporation (which precedes the filing of this action in April 2023) has been, a corporation, organized under the laws of the State of Delaware with its principal place of business in Burlington, New Jersey. (*See* Declaration of Christopher Schaub ("Schaub Decl.") at ¶ 3.) Specifically, Burlington's corporate headquarters are located in Burlington, New Jersey, and the majority of its executive and administrative functions take place there. (*Id.*) The bulk of its corporate activity is centered in Burlington, New Jersey. (*Id.*) Accordingly, Burlington's principal place of business is Burlington, New Jersey under the "nerve center" test. *See Hertz Corp., supra*, 559 U.S. at 92-93.

## IV.  AMOUNT IN CONTROVERSY

18. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

19. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

20. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

21. Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future. *Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy. In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

22. Here, considered together, the general and special damages sought by Plaintiff, the penalties under the California Labor Code, the attorneys' fees and costs, and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.   **Economic Damages**

23. Plaintiff alleges she was employed by Defendants between September 2012 and January 2021. As a result of her alleged wrongful termination/discrimination and retaliation, Plaintiff alleges that she has suffered and will continue to suffer "a loss of earnings and other employment benefits". (Burns Decl., ¶ 3, Ex. A, Compl., ¶ 33., *see also* Burns Decl., ¶ 3, Ex. A, Compl., ¶ 40, 47, 54, 59, Prayer for Relief, ¶ 1.)

24. At the time of her termination in January 2021, Plaintiff was employed with Defendant as a full-time non-exempt associate at a distribution center in San Bernardino, California, at a pay rate of $17.44 per hour. (Teague Decl. ¶ 4.) At the time of Plaintiff's employment, full-time employees of Defendant worked 32 to 40 hours per week. (*Id.*) As such, given that Plaintiff alleges that she was wrongfully terminated on or about January 6, 2021, and assuming 32 hours of work per week at minimum, she will presumably allege that she has already incurred lost compensation totaling at least $65,295.36 as of the date of the filing of her Complaint ($17.44 X 32 hours/week X 117 weeks).

25. Assuming this matter goes to trial eighteen (18) months after its April 6, 2023 filing, and Plaintiff remains unemployed in the interim for a total of approximately 77 weeks (April 6, 2023 to October 1, 2024), Plaintiff's additional alleged lost income would equal approximately $42,972.16 ($17.44 X 32 hours/week x 77 weeks). This adds up to a total of approximately $108,267.52 in alleged lost wages from her termination on January 6, 2021 through a possible trial date in October 2024.

### B. Emotional and Mental Health Damages

27. Plaintiff also claims damages for emotional distress. "Plaintiff has suffered and will continue to suffer pain and suffering and mental anguish and emotional distress." (Burns Decl., ¶ 3, Ex. A, Compl., ¶ 33, *see also* Burns Decl., ¶ 3, Ex. A, Compl., ¶¶ 40, 47, 54, 60, 70, 71, Prayer for Relief, ¶ 2.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633

1  (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and
2  retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.)
3  (award of $1,270,000 in pain and suffering to employee in a discrimination action);
4  *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded
5  $385,000 in pain and suffering to employee in a discrimination case); *Peacock v. Quest*
6  *Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic
7  loss to employee in action for discrimination action).

8      28.    Plaintiff's allegations of emotional distress are similar to the issues raised in
9  these cases. Defendant has attached these verdicts as Exhibit F to the concurrently filed
10 Declaration of Michael J. Burns for the Court's review.

11     **C.**    <u>**Punitive Damages**</u>

12     29.    The Court must also consider Plaintiff's request for punitive damages in
13 determining the amount in controversy. *Davenport v. Mutual Benefit Health and*
14 *Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into
15 account where recoverable under state law). (*See* Burns Decl., ¶ 3, Ex. A, Compl., ¶¶ 35,
16 42, 48, 55, 61, 72, 73, 80; Prayer for Relief, ¶ 4.)

17     30.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages
18 in alleged retaliation cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

19     **D.**    <u>**Labor Code §1102.5(f)**</u>

20     31.    Plaintiff alleges violations of California Labor Code §1102.5(f). (Burns
21 Decl., ¶ 3, Ex. A, Compl., ¶ 62.)  Labor Code §1102.5(f) permits a penalty of $10,000.

22     **E.**    <u>**Attorneys' Fees and Costs**</u>

23     32.    Plaintiff also claims that she is entitled to attorneys' fees and costs.  (See
24 Burns Decl., ¶ 3, Ex. A, Compl., ¶¶ 34, 41, 49, 55, 74, 79; Prayer For Relief, ¶ 6.)
25 Attorneys' fees are properly considered in calculating the amount in controversy for
26 purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*,
27 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in
28

1  amount in controversy, regardless of whether such an award is discretionary or
2  mandatory).

3      33.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases
4  involving employment-related claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL
5  5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of
6  $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App.
7  2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v.
8  Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees
9  award of $490,000 for claims). Defendant has attached these verdicts as Exhibit G to the
10 concurrently filed Declaration of Michael J. Burns for the Court's review.

11     34.    Defendants anticipate depositions being taken in this case, and that
12 ultimately, Defendant will file a Motion for Summary Judgment. Based on defense
13 counsel's experience, attorneys' fees in employment discrimination and wrongful
14 termination cases often exceed $75,000. In this regard, it is more likely than not that the
15 fees will exceed $75,000 through discovery and a summary judgment hearing, and the
16 fees would certainly exceed $75,000 if the case proceeds to trial. (Burns Decl., ¶ 6.)

### F. Pre- and Post-Judgment Interest and Costs

18     35.    Plaintiff prays "For prejudgment and post-judgment interest as available by
19 law" and "For costs of suit incurred herein." (Burns Decl., ¶ 3, Ex. A, Complaint, Prayer
20 for Relief, ¶ 7, 8.)

21     36.    Additionally, should Plaintiff prevail at trial, it is more likely than not that
22 she would recover over $75,000.00 in damages as there have been, in recent years,
23 several verdicts in similar discrimination and wrongful termination cases entered in favor
24 of plaintiffs in California where the awarded damages exceeded $75,000. See *Vasquez v.
25 Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.)
26 (award of $1,904,635 to employee for disability discrimination action); *Aboulafia v.
27 GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634,
28 $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Silverman*

*v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee in discrimination action); *Bisharat v. Los Angeles Unified Sch. Dist.*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging discrimination, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process, and constructive discharge); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Signlin v. Carden Whittier Sch. Inc.*, 2012 WL 1798892 (Los Angeles Sup. Ct.) (jury award of $323,985 to employee who was wrongfully terminated in retaliation for taking medical leave in violation of the CFRA); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.) (award of $75,290 to employee in discrimination action); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury verdict awarding $1,630,334 to employee who brought action against employer for retaliation in violation of the CFRA); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $17,899,400 to six employees in an alleged discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (award of $229,639 to employee in discriminatory termination in violation of the CFRA); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding employee $410,520 in disability discrimination action); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Beard v. Los Angeles Cnty. Law Library*, 2009 WL 250543 (Los Angeles Sup. Ct.) (award of $146,000 to employee who was wrongfully terminated based upon her age and race).

37. Plaintiff's allegations that she was discriminated against and discharged because of her claimed disability/medical condition and retaliated against because of her purported protected activity are factually similar to the issues in these cases. Defendant has attached these verdicts as Exhibit E to the concurrently filed Declaration of Michael J. Burns for the Court's review.

38. Based upon the allegations contained in the Complaint, Defendant is therefore informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.

39. Because diversity of citizenship exists between Plaintiff and all Defendants, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V. **VENUE**

40. Venue lies in the Central District of California, Eastern Division pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of San Bernardino, which is located within the Eastern Division of the Central District of the State of California. (*See* Burns Decl., ¶ 3, Ex. A, Compl.)

## VI. **NOTICE OF REMOVAL**

41. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino, in the State Court Action.

42. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

43. In compliance with 28 U.S.C section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A through C to the concurrently filed Declaration of Michael J. Burns.

## VII. PRAYER FOR REMOVAL

44. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division.

DATED: June 16, 2023                SEYFARTH SHAW LLP


By   /s/ Michael J. Burns
     Michael J. Burns
     Jonathan Martin

Attorneys for Defendant
BURLINGTON DISTRIBUTION CORP.